UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TANIA RAE SHOUSE,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:15-cv-05894-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge.[1] The Court finds defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance and SSI benefits alleging she became disabled beginning December 3, 2008.[2] Her applications were denied on initial administrative review and on reconsideration.[3] At a hearing held before an Administrative Law Judge (ALJ) plaintiff appeared and testified.[4]

In a written decision, the ALJ found plaintiff could perform other jobs existing in

---

[1] 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13.
[2] Dkt. 9, Administrative Record (AR), 19.
[3] *Id.*
[4] AR 50-101.

ORDER - 1

significant numbers in the national economy and therefore not disabled.[5] The Appeals Council denied plaintiff's request for review of that decision, making it the final decision of the Commissioner, which plaintiff then appealed to this Court.[6]

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, arguing the ALJ erred in evaluating the medical evidence in the record. The Court disagrees that the ALJ erred as alleged, and therefore affirms the decision to deny benefits.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[7] "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."[8] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[9] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[10]

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[11] "If the evidence admits of more than one rational

---

[5] AR 19-43.

[6] AR 1; 20 C.F.R. § 404.981.

[7] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

[8] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

[9] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[10] *Batson*, 359 F.3d at 1193.

[11] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

ORDER - 2

interpretation," that decision must be upheld.[12] That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made."[13]

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.[14] Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]."[15] In such situations, "the ALJ's conclusion must be upheld."[16] Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility."[17]

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."[18] The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."[19] The ALJ also may draw inferences "logically flowing from the evidence."[20] Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion."[21]

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

---

[12] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

[13] *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[14] *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

[15] *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

[16] *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

[17] *Id.* at 603.

[18] *Reddick*, 157 F.3d at 725.

[19] *Id.*

[20] *Sample*, 694 F.2d at 642.

[21] *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

ORDER - 3

opinion of either a treating or examining physician.[22] Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."[23] However, the ALJ "need not discuss *all* evidence presented" to him or her.[24] The ALJ must only explain why "significant probative evidence has been rejected."[25]

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.[26] An ALJ need not accept the opinion of a treating physician, though, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."[27] An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."[28] A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."[29]

I.   Dr. Wheeler

In mid-October 2012, Kimberly Wheeler, Ph.D., performed a psychological evaluation, finding plaintiff was markedly limited in her ability to complete a normal work day and work

---

[22] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

[23] *Id.* at 830-31.

[24] *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).

[25] *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

[26] *See Lester*, 81 F.3d at 830.

[27] *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

[28] *Lester*, 81 F.3d at 830-31.

[29] *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

ORDER - 4

week and to maintain appropriate behavior in a work setting.[30] The ALJ rejected these findings because Dr. Wheeler did not provide specific reasoning for assessing them, they were not consistent with "other evidence in the record" or plaintiff's "demonstrated abilities," and they appeared to be based on plaintiff's self-report.[31] To the extent the ALJ rejected Dr. Wheeler's opinion on the basis of her "fairly significant daily activities,"[32] the Court agrees with plaintiff this was not a valid basis for doing so, as the record shows those activities overall are far more restricted than the ALJ indicated.[33]

The ALJ also erred in rejecting Dr. Wheeler's opinion because it was inconsistent with "other evidence in the record." Defendant is correct that an ALJ may reject a medical opinion on the basis of such inconsistency, and that the Court may draw specific and legitimate reasons from the ALJ's decision.[34] Here, though, the ALJ did not indicate what other evidence contradicted Dr. Wheeler's opinion or that she relied on that evidence to reject it.[35] This was an inadequate basis for rejecting Dr. Wheeler's opinion, even though the ALJ discussed elsewhere in his decision other potentially inconsistent evidence.[36]

However, the ALJ was not remiss in rejecting Dr. Wheeler's opinion on the basis that it was inconsistent with plaintiff's abilities as demonstrated on mental status examination, and therefore that it appeared to be based primarily on plaintiff's own report. The mental status

---

[30] AR 479.

[31] AR 38 (internal citation omitted).

[32] *Id.*

[33] AR 79-83, 85, 311-15, 328-31, 334, 338-41, 363, 367-71, 375-76, 379, 382, 478, 493, 583-84, 590.

[34] *Batson*, 359 F.3d at 1195; *Magallanes*, 881 F.2d at 755.

[35] AR 27-40.

[36] *Id.*; *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014); *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

ORDER - 5

examination Dr. Wheeler performed was largely unremarkable.[37] On the other hand, much of Dr. Wheeler's evaluation report contains recordings of plaintiff's self-reporting, which describes in fair detail her subjective complaints.[38] Given that plaintiff has not challenged the ALJ's adverse credibility determination,[39] and there appears to be no reason to overturn that determination, the ALJ did not improperly discount Dr. Wheeler's opinion for this reason.[40]

II.     Dr. Zaragoza

Rogelio Zaragoza, M.D., performed a psychiatric evaluation in late October, 2012, opining that plaintiff could not interact with co-workers or the public, perform work activities consistently, maintain regular attendance in the workplace, complete a normal work day or work week, or deal with usual work-related stress. [41] The ALJ rejected Dr. Zaragoza's opinion because:

> It is inconsistent with the claimant's indication that she followed a regular daily schedule and performed fairly significant daily activities in spite of her limitations. While the mental status examination revealed labile mood and the presence of anxiety and depression, she was cooperative, very pleasant, and polite; made good eye contact; her thought process was linear and speech was spontaneous and coherent without pressure. His opinion was inconsistent with the [sic] her lack of need for mental health treatment and with cognitive testing within normal limits. It is also inconsistent with other evidence in the record . . . It was also based on the claimant's subjective claims that lack credibility.[42]

For the same reasons discussed regarding Dr. Wheeler, the Court agrees with plaintiff that the ALJ's reliance on activity level and inconsistency with "other evidence in the record" do not

---

[37] AR 480-81.

[38] AR 477-79.

[39] *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *Paladin Associates., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.1998).

[40] *Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999).

[41] AR 495.

[42] AR 39.

ORDER - 6

constitute valid bases for rejecting Dr. Zaragoza's opinion.

Also as with Dr. Wheeler, however, the ALJ did not err in relying on the fairly normal mental status examination findings Dr. Zaragoza obtained to do so.[43] Likewise, given those findings and the extensive self-reporting contained in Dr. Zaragoza's evaluation report, the ALJ further properly discounted Dr. Zaragoza's opinion because he appeared to rely heavily on plaintiff's self-reporting.[44] Nor did the ALJ err in discounting that opinion as being inconsistent with the apparent lack of need for mental health treatment indicated in the record. While plaintiff challenges this on the basis of her testimony that for a significant period she had no insurance,[45] as the ALJ noted she did not seek prescribed treatment even when it appears she could do so.[46]

III.   Dr. Thompson

Based on a late February 2014 psychological evaluation, Loreli Thompson, Ph.D., opined that plaintiff was markedly limited in her ability to make judgments on simple work-related decisions, interact appropriately with supervisors and co-workers, and respond appropriately to usual work situations and changes in a routine work setting.[47] In rejecting these limitations, the ALJ stated he was not giving them great weight "for the reasons discussed above."[48] The Court agrees this statement was wholly insufficient to reject Dr. Thompson's assessed limitations, as it is far from clear which reasons the ALJ meant. As such, the ALJ erred.

This error, however, the Court finds to be harmless. An error is harmless if it is

---

[43] AR 493-94.
[44] AR 491-93.
[45] AR 74.
[46] AR 34.
[47] AR 589-90.
[48] AR 39.

ORDER - 7

inconsequential to the ALJ's ultimate non-disability determination.[49] Such is the case here. First, the ALJ restricted plaintiff to simple, routine tasks that do not require the exercise of judgment.[50] Second, Dr. Thompson clearly based the other three marked limitations she found on plaintiff's own self-reporting – having no current friends or social activity and having been fired for poor interactions with others.[51] Given that the ALJ rejected the opinions of both Dr. Wheeler and Dr. Zaragoza for relying largely on plaintiff's own reports, he likely meant to reject Dr. Thompson's limitations on this basis as well or at the very least would have done so. The Court thus declines to overturn the ALJ's decision on this basis.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

DATED this 25thth day of May, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[49] *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

[50] AR 26.

[51] AR 590.

ORDER - 8